```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
EILEEN S. LAVENDER,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
         -against-                            17-CV-6687(JS)(ARL)

VERIZON, INC., MICHAEL DZUGAN,
PETER ALAGNA, KEN MONFREDO, and
FIOS MANAGER (Unknown Name),

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      Eileen S. Lavender, pro se
                    2705 Connecticut Avenue
                    Medford, NY 11763

For Defendants:     No appearance
```

SEYBERT, District Judge:

On November 14, 2017, pro se plaintiff Eileen S. Lavender ("Plaintiff") filed a Complaint in this Court pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 ("ADA") against Verizon, Inc. ("Verizon"), Michael Dzugan ("Dzugan"), Peter Alagna ("Alagna"), Ken Monfredo ("Monfredo"), and an unnamed individual identified as a "Fios Manager" ("John Doe" and collectively, "Defendants") together with an application to proceed in forma pauperis.

Upon review of the declaration accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status disqualifies her from commencing this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff is directed to pay the

$400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet this standard. Plaintiff avers that she currently receives approximately $907.00 per month in disability pay and rent income, claims to have $10,000 in a savings and/or checking account, reports to have approximately $100,000 in a "trust fund for my children" in addition to a 401K retirement plan valued at $380,000 to $400,000 (See Plaintiff's In Forma Pauperis Appl. ¶¶ 2-5.) Plaintiff lists regular monthly expenses totaling approximately $1,510.00. (See Plaintiff's In Forma Pauperis Appl. ¶ 6.) Given Plaintiff's financial position as set forth in her declaration, **her motion to proceed in forma pauperis is DENIED, and she is directed to pay the $400.00 filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

    The Clerk of the Court is directed to mail a copy of this Order to pro se Plaintiff.

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      JOANNA SEYBERT, U.S.D.J.

Dated: February __7__, 2018
       Central Islip, New York